**Mark Peter Getzoni, Esq.**
MG(1630)
Davidoff Law, P.C.
108-18 Queens Blvd.,
Suite 404, Forest Hills, NY 11375
T: 718-268-8800
F:718-268-4502
E:Mgetzoni@ Davidofflegal.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TESHWATTIE BRIJLALL,**<br>220-16 Davenport Avenue<br>Queens Village,<br>New York, 11428<br><br>_Plaintiff,_<br><br>_v._<br>**JEFFREY CHRISTOPHERSEN**<br>31 Berkshire Road,<br>Holbrook, New York 11741<br><br>**UNITED STATES POSTAL SERVICE**<br>160 Duryea Road,<br>Melville, New York 11747<br><br>**THE UNITED STATES OF AMERICA**<br>**The Executive Office, Office of the Legal Adviser,**<br>**Suite 5.600, 600 19th Street NW.,**<br>**Washington DC 20522**<br><br>**AARON BENNETT,**<br>1785 Story Avenue, #5C<br>Bronx, New York 10473<br><br>**LUX CREDIT CONSULTANTS LLC,**<br>445 Empire Boulevard,<br>Brooklyn, New York 11225<br><br>**UBER TECHNOLOGIES, INC.,**<br>28 Liberty Street,<br>New York, New York 10005<br><br>_Defendants._ | _Civil. Action No. _:__-cv-____(__)_<br><br>**PLAINTIFF'S COMPLAINT**<br>**FOR RELIEF** |

## PLAINTIFF'S VERIFIED COMPLAINT FOR RELIEF

The Plaintiff, Teshwattie Brijlall ("Plaintiff"), through her undersigned attorneys, Davidoff Law, P.C., complains of the Defendants, Jeffrey Christophersen, United States Postal Service, the United States of America, Arron Bennett, Lux Credit Consultants LLC and Uber Technologies, INC., and states as follows:

## INTRODUCTION

1. This is an action for damages arising from a motor vehicle accident that occurred on 11th day of April, 2022, on North Conduit Avenue, at or around 160 Street, Queens, New York-11413, involving a vehicle wherein Plaintiff was a passenger, which was operated by the Defendant Aaron Bennett, and owned by Defendant Lux Credit Consultants LLC, during Aaron Bennett's performance of transport services for Defendant Uber, Inc., and a United States government entity vehicle owned by Defendant United States Postal Services, and operated by the Defendant Jeffrey Christophersen.

## PARTIES

2. Plaintiff, Teshwattie Brijlall, is an individual residing at 113-25 Colfax Street, Queens, New York 11429 in the County of Queens, City and State of New York.

3. Defendant, Jeffrey Christophersen, is an individual residing at 31 Berkshire Road, Holdbrook, New York 11741 in the County of Suffolk, Hamlet of Holdbrook and State of New York. Upon information and belief, Defendant, Jeffrey Christophersen, is/was an employee of Defendant United States Postal Service at all times pertinent, and was at all times pertinent driving in the course of performing his job duties for United States Postal Services, and the United States of America, including on April 11, 2022.

1

4.  Defendant, United States Postal Service, is an independent agency of the executive branch of the United States Government, and is and was engaged in the business of providing postal/mailing services.

5.  The United State of America has its address of The Executive Office, Office of the Legal Adviser, Suite 5.600, 600 19th Street NW. Washington, DC 20522, for the purposes of this action.

6.  Defendant, Aaronn Benett, is an individual residing at 1785 Story Avenue #5C, Bronx, New York 10473 in the County of Bronx, City and State of New York. Upon information and belief, Aaronn Benett is/was an employee of Defendants Lux Credit Consultants LLC and/or Uber Technologies, Inc.

7.  Defendant Lux Credit Consultants LLC is/was a New York State domestic limited liability company duly organized under the laws of State of New York with its principal place of business located in the county of Kings, City and State of New York.

8.  Defendant Uber Technologies, Inc. is a foreign business corporation duly organized under the laws of State of Delaware with its offices located in the county of New York, City and State of New York, at all times pertinent herein, including April 11, 2022.

## JURISDICTION AND VENUE

9.  This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under federal law, and 28 U.S.C. § 1346(b), as it involves a claim against the United States for damages caused by the operation of a United States government owned motor vehicle.

10. The court may grant declaratory relief and other necessary and proper relief pursuant to 28 U.S.C. § 2201 and 2202, and may grant other equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C. § 12188(b)(2).

2

11. The amount in controversy is more than the $75,000 threshold since the Plaintiff is claiming loss arising out of personal injuries amounting in excess of $75000.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York, which this district, and within the territorial jurisdiction of this Court.

## PRELIMINARY STATEMENT

13. This is a negligence action against the Defendants, in which the Plaintiff seeks relief for serious personal injuries suffered in connection with the motor vehicle accident, which occurred because of the negligence of the Defendant United States Postal Services and its government employees, agents, servants, and the United States of America, and driver Jeffrey Christopherson and Defendants Aaron Bennett, Lux Credit Consultants LLC, and Uber Technologies, Inc. Plaintiff seeks compensatory damages, and damages for past, present, and future pain and suffering, and such other and further relief as the Court deems just and proper.

14. The claims herein are brought against the United States government, The United Sattes of America, Defendants pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346 (a) (2) and (b), for monetary damages as compensation for the serious personal injuries caused and resulting from the negligence of the Defendants.

15. This is a claim made under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. §1346 (b) and 28 U.S.C. §2671 *et seq.* for damages sustained by the Plaintiff.

16. The Plaintiff has complied with all the administrative requirements under the FTCA.

17. On May 22, 2023, Defendant United States Postal Service assigned Plaintiff's Claim to the National Tort Center for Adjudication. *See Exhibit A*, Letter dated May 22, 2023.

18. Thereafter, on December 18th, 2023, Defendant United States Postal Service mailed a letter, which notified the Plaintiff that it denied the plaintiff's claim. *See Exhibit* B, Letter dated December 18, 2023.

19. As such, Plaintiff is filing this complaint pursuant to 28 U.S.C. §2675 (a) with 6 months from the date of the letter denying the plaintiff's claim.

20. This action shall have been filed within 2 years of the date of the accident which has given rise to the Plaintiff's claim.

## STATEMENT OF CLAIM: AS TO PLAINTIFF'S CAUSE OF ACTION AS AGAINST DEFENDANTS HEREIN FOR PERSONAL INJURY

21. That at all times mentioned herein, the Plaintiff, Teshwattie Brijlall, was the passenger of a 2019 Hyundai Sedan bearing the New York license plate T699269C.

22. That at all times mentioned herein, the Defendant, Aaron Bennett, was the driver of a 2019 Hyundai Sedan bearing the New York license plate T699269C.

23. That at all times mentioned herein, the Defendant, Lux Credit Consultants LLC, was the registered owner of a 2019 Hyundai Sedan bearing the New York license plate T699269C.

24. That at all times mentioned herein, the Defendant, Jeffrey Christophersen, was the driver of a 2019 Paccar Box Truck bearing the license plate 8811698.

25. That at all times mentioned herein, the Defendant, United States Postal Service, was the registered owner of a 2019 Paccar Box Truck bearing the license plate 8811698.

4

26. That at all times mentioned herein, the Defendant, the United States of America had as an agency thereof the United States Postal Service.

27. That on the 11th day of April, 2022, the Plaintiff, Teshwattie Brijlall, was the passenger of a 2019 Hyundai Sedan bearing the New York license plate T699269C, which operated by Defendant Aaron Bennett during the course of his providing transportation services on behalf of the Defendant, Uber Technologies, Inc. with knowledge, permission and consent of the vehicle's registered owner, Defendant Lux Credit Consultants LLC.

28. The Defendant, Uber Technologies, Inc. exercised substantial control over the Defendant Aaron Bennett's provision of services to Uber Technologies, Inc's customers, and the plaintiff in particular, at the time of the accident.

29. That on the 11th day of April, 2022, the Defendant, Jeffrey Christophersen, operated a 2019 Paccar Box Truck bearing the license plate 8811698 with the knowledge, permission and consent of its registered owner, the Defendant, United States Postal Service during his course of employment with Defendant United States Postal Service.

30. That on the 11th day of April, 2022, the Defendant, Jeffrey Christophersen, operated a 2019 Paccar Box Truck bearing the license plate 8811698 in furtherance of performing his job duties for the Defendant, United States Postal Service, and the United States of America, during his course of employment with the Defendant, the United States Postal Service.

31. That at all times mentioned herein, 160 Street and North Conduit Avenue, in the County of Queens, City and State of New York, were and still are public roadways.

32. That on the 11th day of April, 2022, the Plaintiff, Teshwattie Brijlall, was a passenger in the 2019 Hyundai Sedan bearing the New York license plate T699269C motor vehicle driven by the Defendant Aaron Bennett during the course of his providing transportation services

5

on behalf of Defendant, Uber Technologies, Inc., with the knowledge, permission and consent of its registered owner Lux Credit Consultants LLC, while travelling on North Conduit Avenue at and/or near the intersection of 160 Street, in the County of Queens, City and State of New York.

33. That on the 11th day of April, 2022, the Defendant, Jeffrey Christophersen, was driving a 2019 Paccar Box Truck bearing the license plate 8811698 traveling towards 160 Street at and/or near the intersection of North Conduit Avenue, in the County of Queens, City and State of New York with the knowledge, permission and consent of its registered owner Defendant United States Postal Service.

34. That on the 11th day of April, 2022, on North Conduit Avenue at and/or near the intersection of 160 Street, in the County of Queens, City and State of New York, the vehicle operated by the Defendant, Jeffrey Christophersen, with the knowledge, permission and consent of its owner, the Defendant, United States Postal Service, bearing the license plate 8811698, made contact with the vehicle operated by the Defendant, Aaron Bennett, bearing the license plate T699269C with Plaintiff, Teshwattie Brijlall as passenger.

35. That as a result of said accident, Plaintiff, Teshwattie Brijlall, suffered serious injuries that were caused entirely by and through the negligence of the Defendants and without any negligence on the part of the Plaintiff contributing thereto.

36. That the Defendants were negligent, reckless and careless in the control, entrustment, management, maintenance, operation of their motor vehicle; in failing to keep their motor vehicle under safe, proper, reasonable and lawful control; in failing to yield; in permitting and allowing said motor vehicle to be driven at fast and dangerous rates of speed under the circumstances and conditions prevailing at the aforesaid time and place; in failing to sound

6

a horn, siren light or other signaling or warning device; in failing to properly use brakes; in following too closely; in failing to keep a proper lookout and in failing to see what is there to see; in failing to keep their respective vehicle(s) in their respective lanes of travel; in failing to give proper signals; and in otherwise so carelessly and negligently operating their motor vehicles so as to cause contact with other vehicle; in failing to take the proper and necessary steps to avoid the occurrence herein; in failing to swerve, deviate and/or avert their motor vehicle in time to avoid the occurrence herein; in failing to obey the rules of the road; and in operating their motor vehicle without due regard for the safety of the Plaintiff, and in failing to properly maintain their respective vehicles; and in failing to properly train their respective drivers.

37. That as a result of said accident, Plaintiff suffered serious injuries as defined in Section 5102 of the Insurance Law of the State of New York.

38. That this action falls within a specific exception of Section 1602 of the CPLR.

39. Plaintiffs claim damages for economic loss, both basic and in excess of Fifty thousand dollars ($50,000.00).

40. Plaintiff claims damages for past and future pain and suffering in the sum of $3,224,000.00.

41. That as a result of the aforementioned negligence, the Plaintiff was caused to suffer serious injuries all to her damage and detriment in the sum of $3,274,000.00, together with the costs and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, both jointly and severally, based upon the aforesaid causes of action, in $3,274,000.00; that the plaintiff be awarded the costs and disbursements of this action, and such other and further relief as to which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that plaintiff hereby demands a trial by jury in this action for all issues.

Dated:  March 28th, 2024
        Forest Hills, NY

Mark Peter Getzoni, Esq. (MG) 1630
Attorney for the Plaintiff
Davidoff Law, P.C.
108-18 Queens Blvd., Sute #404
Forest Hills, NY 11375
718-268-8800

8

EXHIBIT "A"

LAW DEPARTMENT
NATIONAL TORT CENTER

*UNITED STATES*
*POSTAL SERVICE*

May 22, 2023

Davidoff Law
108-18 Queens Boulevard, Suite 404
Forest Hills, NY 11375

Re:    Claimant:              Teshwattie Brijall
       Date of Incident:      April 11, 2022
       NTC File No.:          NT202332048

Dear Sir/Madam:

Please be advised that the above-referenced matter which was presented on behalf of Teshwattie Brijlall with the United States Postal Service on March 20, 2023 has been assigned to the National Tort Center for adjudication.

This matter will be adjudicated as soon as possible; however, please be advised that pursuant to the Federal Tort Claims Act (28 U.S.C. §1346), the Postal Service has six (6) months from March 20, 2023 in which to complete its adjudication. Federal law mandates that "an action shall not be instituted" unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months. 28 U.S.C. §2675(a). Accordingly, once a valid claim is received by the Postal Service, the time period to file litigation does not begin until such time as a written denial is issued by the Postal Service or alternatively, Claimant may file, but is not required to file litigation, no sooner than six months from the date of presentment. State statute of limitations do not apply to FTCA matters.

As set forth in the instruction section of the SF-95, a claimant is required to provide documentation to support his/her claim. Based upon an initial review of this claim, please provide the following at your earliest opportunity:

      ☒ Nothing additional needed at this time
      ☐ Property damage supports
      ☐ Proof of ownership
      ☐ Salvage statement
      ☐ Declaration page from auto insurance policy
      ☐ Medical records
      ☐ Itemized medical bills
      ☐ No fault/PIP payment log
      ☐ Lien documentation
      ☐ Ambulance report
      ☐ Wage loss supports
      ☐ Police report
      ☐ Original signature on SF95
      ☐ Birth certificate/proof of guardianship/proof of conservatorship

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

- 2 -

☐ Documentation signed by Claimant authorizing representation on this matter
☐ Other: _____

Any additional information and/or documentation supporting Claimant's matter should be provided to me directly, preferably via email in PDF format for most efficient transmittal and handling  My email address is set forth below. **Please note that the Department of Justice regulations and the Postal Service regulations regarding the presentment of tort claims do not provide for the presentment of electronic tort claims or electronic amended tort claims. Accordingly, the email address below may only be used for submission of supporting documentation and/or communication regarding this claim, and *never* for submission of tort claims or amended tort claims which must be presented as set forth in the regulations. See 28 CFR Part 14; 39 CFR Part 912.** Also please note that the Postal Service does not allow us to access drop boxes or other such electronic formats to obtain documentation; accordingly, to provide documentation in electronic format, you must email it directly to me in PDF format.  Alternatively, if necessary, you may provide supporting documentation via mail to my attention to the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.  However, mailing the documentation may cause delays in the adjudication of this matter due to additional processing time necessitated by paper documents.

Please note:  The United States Postal Service is not insured with any automobile insurance carrier, does not carry uninsured or underinsured motorist coverage and is not a self-insured entity. To the extent that the United States Postal Service is found liable for damages under the provisions of the Federal Tort Claims Act ("FTCA"), payment of any judgment is made from its general fund.

Be assured that the Postal Service works diligently to adjudicate all claims within the six month time period; however, it is possible that it might take a bit longer for us to be able to complete a thorough evaluation and consideration of this claim. You may contact the National Tort Center at any time to obtain a status on this claim.   Furthermore, if you have not heard from the National Tort Center prior to expiration of the six month adjudication period, please do contact me for a status update prior to filing litigation.

Sincerely,

*Jane Ramsay*

Jane Ramsay
Tort Claims Examiner/Adjudicator
Tel: 214/252-6128
E-Mail: jane.ramsay@usps.gov

/tw

cc:    Krista Riemma
       Tort Claim Coordinator
       File No. 117-22-00543692B

EXHIBIT "B"

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES**
**POSTAL SERVICE**

**CERTIFIED NO: 7004 1160 0000 9948 1707**
**RETURN RECEIPT REQUESTED**

December 18, 2023

Davidoff Law
108-18 Queens Boulevard, Suite 404
Forest Hills, NY 11375

Re:    Claimant:          Teshwattie Brijlall
       Date of Incident:  April 11, 2022
       NTC File No.:      NT202332048

Dear Sir/Madam:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about April 11, 2022.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. While we regret any injury that may have occurred, we cannot accept legal liability for these alleged damages. Accordingly, this claim is hereby denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or

1720 Market Street, Room 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

- 2 -

legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*Jane Ramsay*

Jane Ramsay
Tort Claims Examiner/Adjudicator
Tel: 214/252-6128
E-Mail: jane.ramsay@usps.gov

cc:    Krista Riemma
       Tort Claim Coordinator
       File No. 117-22-00543692B